WRIGHT, FINLAY & ZAK, LLP
Bradley T. Wibicki, Esq.
Nevada Bar No. 11321
Krista J. Nielson, Esq.
Nevada Bar No. 10698
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
knielson@wrightlegal.net
*Attorneys for Plaintiff/Counter-Defendant, Wells Fargo Bank, National Association as Trustee*
*for Option One Mortgage Loan Trust 2007-2, Asset-Backed Certificates, Series 2007-2*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-2, ASSET-BACKED CERTIFICATES, SERIES 2007-2, | Case No.:   3:17-cv-00735-MMD-WGC **STIPULATED PROTECTIVE ORDER** |

Plaintiff,

vs.

LEMMIE GARNER; SUSAN CARLILE; WOODLAND VILLAGE HOMEOWNER'S ASSOCIATION;

Defendants.

LEMMIE GARNER AND SUSAN CARLILE,

Counterclaimants,

vs.

WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-2, ASSET-BACKED CERITIFACTED, SERIES 2007-2;

Counter-Defendant.

# STIPULATED PROTECTIVE ORDER

Plaintiff/Counter-Defendant, Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-2, Asset-Backed Certificates, Series 2007-2, Defendants/Counterclaimants, Lemmie Garner and Susan Carlile, and Defendant, Woodland Village Homeowner's Association, hereby stipulate and agree as follows:

1.      Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential:" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 8 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.      All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained with notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (a)    counsel for the respective parties in this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b)    employees of such counsel;

    (c)    individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution of this litigation;

    (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order as **Exhibit A** (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being show or given any Confidential Information and provided that if the party chooses a consultant or expert employed by a corporate defendant or one of its competitors, the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

    (e)    any authors or recipients of the Confidential Information;

    (f)    the Court, personnel, and court reports; and

    (g)    witnesses (other than persons described in paragraph 4(e).) A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated

the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies.

5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.    Unless otherwise permitted by statute, rule, or prior Court Order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures in accordance with Local Rule UA 10-5(a).  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.  *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

7.    A party may designate as "confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.  Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8.    If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (days) from the receipt of such written notice to apply to the Court for an order designating the material as confidential.  The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9.     Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

        (a)     the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

        (b)     the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an Order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

        (c)     the Court rules the material is not confidential.

10.     All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of the action to counsel for the party or non-party, or (b) destroy such documents within the time period upon such consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11.     The terms of this Stipulation and Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial.

12.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

/./
/./
/./
/./
/./

13. Any witness or other person, firm, or entity from which is discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counselor by oral advice at the time of any deposition or similar proceeding.

DATED this 21st day of November, 2018.

WRIGHT, FINLAY & ZAK, LLP

/s/ Krista J. Nielson

Bradley T. Wibicki, Esq.
Nevada Bar No. 11321
Krista J. Nielson, Esq.
Nevada Bar No. 10698
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
*Attorneys for Plaintiff/Counter-Defendant,*
*Wells Fargo Bank, National Association as*
*Trustee for Option One Mortgage Loan Trust*
*2007-2, Asset-Backed Certificates, Series*
*2007-2*

DATED this 21st day of November, 2018.

LEACH KERN GRUCHOW ANDERSON SONG

/s/ Karen M. Ayarbe

Karen M. Ayarbe, Esq.
Nevada Bar No. 3358
5421 Kietzke Lane, Suite 200
Reno, NV 89511
*Attorneys for Defendant, Woodland Village*
*Homeowner's Association*

DATED this 21st day of November, 2018.

THE KIDDER LAW GROUP, LTD.

/s/ Ryan J. Cann

Ryan J. Cann, Esq.
Nevada Bar No. 11073
620 N. Rock Blvd.
Sparks, Nevada 89431
*Attorney for Defendants/Counterclaimants,*
*Lemmie Garner and Susan Carlile*

/ / /

/ / /

/ / /

/ / /

# ORDER

Paragraph 6 is modified to reflect that any motion to file documents under seal must also comply with *Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092 (2016).*

Paragraph 10 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

**IT IS SO ORDERED.**

DATED: November 26, 2018.

_William G. Cobb_

UNITED STATES MAGISTRATE JUDGE

**<u>EXHIBIT A</u>**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms of the Protective Order dated _____, in the Case of *Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-2, Asset-Backed Certificates, Series 2007-2  v. Lemmie Garner et al.* (Case No. 3:17-cv-00735-MMD-WGC). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal Confidential Information to anyone, except as allowed and consistent with this Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes, or other transcriptions made therefrom – to the counsel who provided with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

Dated: _____

_____