UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-2, ASSET-BACKED CERTIFICATES, SERIES 2007-2,<br><br>Plaintiff,<br>v.<br><br>LEMMIE GARNER; SUSAN CARLILE; WOODLAND VILLAGE HOMEOWNER'S ASSOCIATION,<br><br>Defendants. | Case No. 3:17-cv-00735-MMD-WGC<br><br>ORDER |
| LEMMIE GARNER AND SUSAN CARLILE,<br><br>Counterclaimants,<br>v.<br><br>WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-2, ASSET-BACKED CERITIFACTED, SERIES 2007-2,<br><br>Counter-Defendant. | |

**I. SUMMARY**

This dispute arises from the foreclosure sale ("HOA Sale") of real property to satisfy a homeowners' association lien. Before the Court is Plaintiff/Counter-Defendant Wells Fargo Bank's ("Wells Fargo") motion for summary judgment ("Motion") on its quiet title/declaratory relief claims (ECF No. 42). The Court has reviewed Defendant Woodland Village Homeowner's Association's ("HOA") response (ECF No. 45) as well as Wells Fargo's reply (ECF No. 48). Defendants/Counterclaimants Lemmie Garner and Susan Carlile ("Buyers") did not file an opposition to Wells Fargo's Motion. For the following

reasons, the Court grants Wells Fargo's Motion and dismisses Wells Fargo's remaining claims as moot.

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

Yanira Maldonado ("Borrower") purchased real property located at 17710 Fairfax Court, Reno, Nevada 89508 ("Property") on September 28, 2006. (ECF No. 1-1 at 2.) The Borrower financed the purchase of the Property with a loan secured by a first deed of trust ("DOT") that was recorded against the Property in November 2006. (*See* ECF No. 1-2 at 2.) The DOT identified Option One Mortgage Corporation ("Option One") as the Lender and Beneficiary and secured repayment in the amount of $218,250. (*Id.*)

American Home Mortgage Servicing, Inc. (as successor-in-interest to Option One) assigned all beneficial interest in the DOT to Wells Fargo in an assignment recorded in December 2008. (ECF No. 1-3 at 2.) Sand Canyon Corporation f/k/a Option One assigned the beneficial interest again to Wells Fargo in an assignment recorded July 2014. (ECF No. 1-4 at 2.)

The Borrower became delinquent on her HOA assessments, and the HOA's trustee, Hampton & Hampton, P.C. ("Trustee"), instituted a notice of delinquent assessment lien against the Property in February 2012. (ECF No. 42-1 at 10-12.) The notice was not recorded. (ECF No. 42 at 3; *see* ECF No. 45 at 3-5, 8-10.) The Trustee then recorded a notice of default and election to sell on April 13, 2012. (ECF No. 1-5 at 2-3.) Wells Fargo was the beneficiary of the DOT at that time. (ECF No. 42 at 4; *see* ECF No. 45 at 3-5.) The notice of default was mailed only to the Borrower—not Wells Fargo. (ECF No. 42 at 4 (quoting ECF No. 42-2 at 4-5); *see* ECF No. 45 at 3-5.) The Trustee recorded a notice of trustee's sale on December 23, 2013. (ECF No. 1-6 at 2-4.) The notice of trustee's sale was mailed to the Borrower, Option One, and the Nevada Real Estate Division Ombudsman's Office, but not Wells Fargo. (ECF No. 42 at 5 (quoting ECF No. 42-2 at 6-7); *see* ECF No. 45 at 3-5, 8-10.) The Trustee then recorded a trustee's deed

///

upon sale indicating that the Buyers acquired their interest in the Property at a sale ("HOA Sale") on March 11, 2014, for $19,000. (ECF No. 1-7 at 2-4.)

Wells Fargo asserts the following claims in the Complaint: (1) quiet title/declaratory relief under 28 U.S.C. § 2201, NRS § 30.010 *et seq.*, and NRS § 40.010 against all defendants; (2) declaratory relief under the Fifth and Fourteenth Amendments against all defendants; (3) quiet title under the Fifth and Fourteenth Amendments against all defendants; (4) permanent and preliminary injunction against the Buyers; (5) unjust enrichment against the Buyers; and (6) fraud in the inducement, or alternatively promissory estoppel and breach of contract against the HOA. (ECF No. 1 at 9-16.)

The Buyers assert a counterclaim for unjust enrichment related to alleged improvements they made to the Property. (ECF No. 16 at 4.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991),

1 and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

## IV. DISCUSSION

Wells Fargo argues that it is entitled to summary judgment on its quiet title/declaratory relief claims because the HOA failed to comply with the statutory notice requirements of NRS Chapter 116. (ECF No. 42 at 7.) The Court agrees. The HOA was required to send notices to "all holders of subordinate interests, even when such persons or entities did not request notice" because NRS § 116.31168 incorporated NRS § 107.090's notice requirements. *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1253 (Nev. 2018); *see also* NRS § 107.090(3)(b) & (4) (requiring notice of default and notice of sale to be mailed to "[e]ach other person with an interest whose interest or claimed interest is subordinate to the deed of trust"); *West Sunset 2050 Tr. v. Nationstar Mortg., LLC*, 420 P.3d 1032, 1035 (Nev. 2018) (acknowledging a failure to serve notice of default as defective notice). Such persons with interest undoubtedly include the holder of a first security interest like the DOT here. *See, e.g.*, *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.,* 334 P.3d 408, 418 (Nev. 2014) (observing that NRS § 116.31168 incorporates NRS § 107.090, which requires that notices be sent to a deed of trust beneficiary); *see also Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon* ("*Shadow Canyon*"), 405 P.3d 641, 648 n.11 (Nev. 2017).

"Compliance with NRS Chapter 116's provisions with respect to default, notice, and publication of the notice of sale is a 'statutory prerequisite[ ] to a valid HOA lien foreclosure sale as stated in NRS [§] 116.31162 through NRS [§] 116.31164.'" *Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH, 2018 WL 6603643, at *4 (D. Nev. Dec.

17, 2018) (quoting *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016)); *see also id.* (noting that since *Shadow Canyon*, "the Nevada Supreme Court has confirmed that an HOA's failure to mail the Chapter 116 notices to parties entitled to such notice is a sufficient ground for voiding the foreclosure sale and granting summary judgment in favor of the holder of the senior deed of trust").

Here, Wells Fargo's evidence establishes that the HOA failed to mail the notice of default and notice of sale to Wells Fargo. (*See* ECF No. 41-1 at 1-12; ECF No. 42-2 at 1-8.) The HOA does not dispute that it failed to mail the notices to Wells Fargo. (*See* ECF No. 45 at 3-5, 8-10.) Instead, the HOA requests relief under Federal Rule of Civil Procedure 56(d) and an order requiring Wells Fargo to produce a title report that may have provided Wells Fargo with notice of the default or impending foreclosure sale. (*Id.* at 8-9.) The Court denies the HOA's request because Wells Fargo produced evidence that it does not possess the title report in question. (ECF No. 48-1 at 4.) Plus, the requested information is irrelevant. Wells Fargo would have received the title report mere days before the foreclosure sale at the earliest. (*See* ECF No. 45 at 8 ("The witness testified that the report was generated in early March of 2014, though the exact date was unknown."); ECF No. 1-7 at 2-4 (indicating that the HOA Sale occurred on March 11, 2014).) That would not have given Wells Fargo sufficient time to "cure, compromise, or contest the default." *See U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 447 (Nev. 2019) (citing NRS § 107.090(3)) (noting that "the legislatively determined minimum grace period following a notice of default . . . is 80 days" for the first deed of trust holder).

The Court finds that the HOA's defective noticing is sufficient ground to void the HOA Sale to the extent the sale extinguished Wells Fargo's DOT. However, the HOA argues that the Court should not grant summary judgment against the HOA because the HOA claims no ownership interest in the Property. (ECF No. 45 at 6-7.) Wells Fargo is willing to dismiss the HOA from this claim. (*See* ECF No. 48 at 7 ("However, if the HOA contends there will be no prejudice to it if the Court enters an order voiding the sale and/or declaration the Deed of Trust as a lien on the Property, then Wells Fargo is fine dismissing

it from the quiet title/declaratory judgment claim only.").) Accordingly, the Court will dismiss Wells Fargo's first claim against the HOA and grant summary judgment on that claim against the Buyers. The Court declares that the HOA Sale did not extinguish the DOT, which is Wells Fargo's requested relief.[1]

Wells Fargo's remaining claims are moot as is Wells Fargo's request for a permanent and preliminary injunction "prohibiting Buyer, its successors, assigns, and agents from conducting any sale, transfer or encumbrance of the Property if it is claimed to be superior to Plaintiff's Deed of Trust or not subject to that Deed of Trust." (ECF No. 1 at 14.) Accordingly, the Court will dismiss Wells Fargo's remaining claims as moot.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Wells Fargo's motion for summary judgment (ECF No. 42) is granted because the Court finds that the HOA Sale is void as to the superpriority portion of the HOA's lien for failure to mail the statutorily required notices to Wells Fargo. The Court therefore declares that the HOA Sale did not extinguish Wells Fargo's DOT.

It is further ordered that Wells Fargo's remaining claims are dismissed as moot.

The parties are instructed to file a status report in 14 days regarding the Buyers' remaining counterclaim for unjust enrichment.

DATED THIS 17th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The HOA Sale is only void as to the superpriority portion of the HOA's lien. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (2018), *as amended on denial of reh'g* (Nov. 13, 2018).